UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
SHARON MABRY,

                Petitioner,

  -against-

SUPERINTENDENT ELAINE LORD,

                Respondent.
------------------------------------------------x



MEMORANDUM AND ORDER
Case No. CV-03-0217 (FB) (LB)

*Appearances:*
*For the Petitioner:*
SHARON MABRY, *Pro Se*
#0060299
Bedford Hills Correctional Facility
Bldg. #114A/10
P.O. Box 1000
Bedford Hills, NY 10507-2499

*For the Respondent:*
RICHARD A. BROWN, ESQ.
District Attorney, Queens County
By: ANASTASIA SPANAKOS, ESQ.
Assistant District Attorney
125-01 Queens Boulevard
Kew Gardens, New York 11415

**BLOCK, Senior District Judge:**

      *Pro se* petitioner Sharon Mabry ("Mabry") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following her convictions in New York Supreme Court, Queens County for murder in the second degree and attempted robbery in the first degree. Mabry's initial *habeas* petition included four claims, each of which was presented to and rejected by the Appellate Division, Second Department, *see People v. Mabry*, 733 N.Y.S.2d 615 (2d Dep't 2001), and fully exhausted when the New York Court of Appeals declined review, *see People v. Mabry*, 97 N.Y.2d 706 (2002). Those four claims were: (1) insufficiency of the evidence to support her conviction; (2) inconsistent verdicts; (3) improper admission

of autopsy photographs; and (4) improper preclusion of testimony regarding other individuals who may have had a motive to harm the victim.

The Court denied Mabry's petition on the merits. *See* Docket Entry #9 (Mem. and Order dated July 3, 2003). At the time the Court rendered its decision, it was unaware that the assigned magistrate judge – just one day before – had granted Mabry's request for an extension of time to respond to the government's opposition. Mabry later clarified that she had sought an extension in order to exhaust additional claims in state court, and moved for reconsideration of the Court's denial of her *habeas* petition. *See* Docket Entry #11 (Letter dated July 11, 2003). The Court subsequently issued an order stating:

> To the extent Mabry's motion for reconsideration requests that the Court vacate the denial of her petition, the motion is denied. To the extent it seeks time to exhaust additional claims in state court, however, the Court grants the motion and stays this action pending resolution of her additional claims in state court.

Docket Entry No. 12 (Order dated Sept. 5, 2003).

Mabry now moves for an order (1) granting leave to amend her initial petition to include several claims she asserted by post-conviction motions in state court, and (2) re-assigning the case to a different judge to decide the merits of the resulting amended petition. For the reasons stated below, the Court denies Mabry's motion for re-assignment and withholds judgment on her motion for leave to amend pending further submissions by the parties.

2

# I.

The Court first considers Mabry's request for re-assignment to a different judge. Mabry states that she is "entitled . . . to recusal of this petition before assigned Judge Frederic[ ] Block because of prior knowledge of facts of Petitioner's case in her civil rights violation complaint . . . that would create a conflict of interest that would [deprive] her [of] an impartial review of her claims." Pl.'s Aff. in Supp. ¶ 2. Mabry refers to a complaint she filed pursuant to 42 U.S.C. § 1983 in the Southern District of New York, which was subsequently transferred to this Court. *See Mabry v. New York City Police Dep't, et al.*, No. 98 Civ. 1488 (E.D.N.Y.). That case was administratively closed on October 17, 2000, subject to reopening on the application of any party after completion of the state court criminal action then pending against Mabry. *See id.*, Docket Entry #20 (Order). That case has not since been reopened.

The Court construes Mabry's motion as one for recusal pursuant to 28 U.S.C. § 455(a), which states that "[a]ny judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* Interpreting this statute, the Supreme Court has held:

> [J]udicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion. Apart from surrounding comments or accompanying opinion, they cannot possibly show reliance on an extrajudicial source; and, absent such reliance, they require recusal only when they evidence such deep-seated favoritism or antagonism as would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 541 (1994) (citation omitted). Since this Court's

3

involvement in Mabry's § 1983 suit has thus far been limited to the administrative order described above, there is no reason to suspect that the Court could not be impartial in the adjudication of Mabry's *habeas* claims. Accordingly, recusal is not warranted.

## II.

### A. Additional Claims

After the Court stayed this action, Mabry filed three post-conviction motions in state court; these motions contain the claims she now seeks to add to her *habeas* petition.[1]

### 1. First 440.10 Motion

On July 17, 2003, Mabry moved to vacate her conviction pursuant to N.Y. Crim. Proc. Law § 440.10, alleging:

>(a) denial of effective assistance of trial counsel, in that counsel failed to
>
>>(i) argue a viable defense regarding her "self-incriminating and involuntary statement,"
>>
>>(ii) file a timely alibi notice or raise an alibi defense,
>>
>>(iii) call witnesses at trial,
>>
>>(iv) submit her grand jury testimony to support her request for a *Dunaway* hearing,
>>
>>(v) object to information elicited by the prosecution from Detective Copertino and request an expanded jury

---

[1] Only those claims referenced in Mabry's present motion are listed here. *See* Pl.'s Aff. in Supp. at 5-10. For consistency, they are generally listed in the same order and grouping that she originally presented to the state court. In those instances where the claims were intermingled, the Court adopts the government's grouping. *See* Ex. to Pl.'s Mot. (Affirmation in Opp'n to Def.'s Application for Writ of Error Coram Nobis dated Mar. 16, 2006)

4

instruction on the identity of the perpetrator;

(b) deprivation of pre-interrogation warnings and right to counsel at her pre-interrogation interview;

(c) trial court error in failing to exclude Mabry's unlawfully obtained self-incriminating statements and prosecutorial misconduct in failing to present her grand jury testimony at trial;

(d) grammatical errors in the indictment presented to the grand jury, improper amendment of the indictment during trial, and the prosecution's improper presentation of inconsistent theories at trial;

(e) trial court error in the court's jury instructions regarding

   (i) "acting in concert" and the prosecution's burden of proof with respect to the charged crimes, and

   (ii) failure to instruct the jury on the identity of the perpetrator;

(f) trial court error in not permitting the prosecution to disclose part of McRae's cooperation agreement, and prosecutorial misconduct in failing to correct McRae's false testimony;

(g) deprivation of constitutional rights under the Confrontation Clause to cross-examine O'Garro; and

(h) that her conviction should be vacated due to newly discovered evidence.

*See* Pl.'s Aff. in Supp. at 5-8; Ex. to Pl.'s Mot. (Mot. to Vacate J. dated July 17, 2003).

In a Decision and Order dated January 30, 2004, the Supreme Court of New York, County of Queens, denied Mabry's motion to vacate, holding that her claims were both procedurally barred and without merit. *See People v. Mabry*, Indict. No. 392-97 (N.Y. Sup. Ct. Jan. 30, 2004). Mabry's subsequent application to the Appellate Division,

Second Department, for leave to appeal was denied, and her application to the New York Court of Appeals was dismissed. *See People v. Mabry*, 3 N.Y.3d 660 (2004) (table).

**2. Second 440.10 Motion**

On April 18, 2005, Mabry moved for a second time to vacate her conviction pursuant to N.Y. Crim. Proc. Law § 440.10, alleging:

    (a)    her indictment was defective because

           (i)    the charged crimes were ambiguous,

           (ii)    the indictment did not state the statutory language and elements of "acting in concert,"

           (iii)    the prosecution failed to instruct the grand jury on the theory of acting-in-concert,

           (iv)    the indictment failed to allege the elements of acting-in-concert,

           (v)    the indictment failed to contain context for language regarding "such person or principal,"

           (vi)    the acting-in-concert charge was broad, vague and outside the scope of statutory law, and

           (vii)    the government was required to supercede or amend the indictment to "incorporate" the co-defendant, charged in a separate indictment with murdering the victim, under the acting-in-concert theory;

    (b)    the trial court's jury instructions were improper and inadequate because

           (i)    the court failed to include certain statutory language,

           (ii)    the court's acting-in-concert instruction was incorrect because it changed the words "other persons" to "with other

individuals", and

- (iii) in describing "acting in concert," the court improperly used the terms "others," "another participant," or "another" instead of "with other persons";

(c) insufficiency of the evidence at trial regarding "acting in concert";

(d) a *Crawford* violation in that the prosecution was allowed to elicit information about

- (i) the co-defendant's plea bargain,
- (ii) a police investigation regarding the "twins,"
- (iii) McRae's statements to the police;

(e) her alibi was never properly presented to the jury;

(f) prosecutorial misconduct in that the prosecution misled defense counsel regarding its intention not to call O'Garro as a witness;

(g) trial court error in denying defendant's request for an affirmative defense charge;

(h) trial court error in failing to suppress Mabry's statement to police because

- (i) she was never asked if she wished to make a statement,
- (ii) she was not given a *Miranda* warning before being questioned,
- (iii) the *Miranda* warning card she received did not set forth the required constitutional warnings,
- (iv) the hearing evidence did not substantiate the court's findings that Mabry waved her *Miranda* rights, and
- (v) her statement was the result of false promises, pressure, coercion, physical threats and psychological torture;

(i) ineffective assistance of trial counsel in that

- (i) the pre-trial motions were not based on her allegations of coercion and police misconduct, and evidence of the same was not presented at the pre-trial hearing to establish the voluntariness of her statement,

- (ii) her attorneys failed to request that the pre-trial hearing be re-opened, and

- (iii) her trial attorney was not adequately prepared to call the bartender as a witness; and

(j) regarding her grand jury testimony,

- (i) denial of due process due to her attorneys' failure to present her grand jury testimony during the pre-trial hearing and at trial, and

- (ii) trial court error in failing to correct the error resulting from that failure.

*See* Pl.'s Aff. in Supp. at 8-9; Ex. to Pl.'s Mot. (Mot. to Vacate J. dated Apr. 18, 2005).

In a Decision and Order dated January 23, 2006, the Supreme Court of New York, County of Queens, denied Mabry's second motion to vacate, holding that her claims were both procedurally barred and without merit. *See People v. Mabry*, Indict. No. 392-97 (N.Y. Sup. Ct. Jan. 23, 2006). Mabry's subsequent application to the Appellate Division, Second Department, for leave to appeal was denied, and her application to the New York Court of Appeals was dismissed. *See People v. Mabry*, 7 N.Y.3d 868 (2006) (table).

### 3. Application for Writ of Error Coram Nobis

On November 17, 2005, Mabry moved for a writ of error *coram nobis* alleging ineffective assistance of appellate counsel on the grounds that appellate counsel should

have argued:

(a) that her statement to police should have been suppressed;

(b) an alibi defense;

(c) a defense regarding police misconduct and coercion;

(d) that it was erroneous to exclude her grand jury testimony;

(e) a *Brady/Rosario* violation;

(f) that the indictment was invalid and defective;

(g) an intoxication defense;

(h) that the trial court's instructions on "acting in concert," the beyond-a-reasonable-doubt standard and the identity of the perpetrator were erroneous;

(i) a violation of the Confrontation Clause; and

(i) that Mabry's trial attorneys provided ineffective assistance of counsel.

*See* Pl.'s Aff. in Supp. at 9-10; Ex. to Mot. (Mot. for Application of Writ of Error Coram Nobis dated Nov. 17, 2005). By addendum dated May 4, 2006, Mabry raised several of her previous claims regarding trial court error and errors in the indictment. *See* Pl.'s Aff. in Supp. at 10. In a summary order dated October 31, 2006, the Appellate Division, Second Department, denied Mabry's application, *see People v. Mabry*, 822 N.Y.S.2d 722 (2d Dep't 2006); her application to the New York Court of Appeals was subsequently dismissed. *See People v. Mabry*, 7 N.Y.3d 927 (2006) (table).

9

## B. Motion for Leave to Amend

Mabry's conviction became final on April 22, 2002, after the New York Court of Appeals denied her petition for review. *People v. Mabry*, 97 N.Y.2d 706 (2002). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), she had one year after that date to file a *habeas* petition in district court. *See* 28 U.S.C. § 2244(d)(1)(A). Although her initial petition was timely, *see* Docket Entry #1 (Pet. filed Jan. 10, 2003), she filed the present motion for leave to amend almost 33 months after AEDPA's statute of limitations ran. *See* Docket Entry #25 (Notice of Mot. filed Jan. 19, 2007). Since her first application for state post-conviction review was filed more than one year after her conviction became final, *see* Pl.'s Aff. in Supp. ¶ 19 ("On July 17, 2003 Petitioner filed a 440.10 motion."), she is not entitled to statutory tolling of the limitation period. *See* 28 U.S.C. § 2244(d)(2).

An application for a writ of *habeas corpus* "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. "Subsection (c) of Rule 15 governs motions to amend where (as here, given the AEDPA) the statute of limitations for the underlying cause of action has already run." *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 815 (2d Cir. 2000). Under Rule 15, "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The Supreme Court has interpreted Rule 15 narrowly in the *habeas* context,

10

rejecting the theory that an "amended petition qualifies for relation back because both the original petition and the amended pleading arose from the same trial and conviction," and holding that an amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). A decision on Mabry's motion for leave to amend will depend on the Court's application of that rule.

## CONCLUSION

Mabry's motion for recusal is denied. Within 30 days of receipt of this order, the parties shall submit a written response as to whether Mabry's additional claims relate back to her initial petition under *Mayle v. Felix*, 545 U.S. 644 (2005).

**SO ORDERED.**

/S/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 11, 2007