ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHARON MABRY,

                Petitioner,

  -against-

SUPERINTENDENT ELAINE LORD,

                Respondent.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-03-0217 (FB) (LB)

*Appearances:*
*For the Petitioner:*
SHARON MABRY, *Pro Se*
#0060299
Bedford Hills Correctional Facility
Bldg. #114A/10
P.O. Box 1000
Bedford Hills, NY 10507-2499

*For the Respondent:*
RICHARD A. BROWN, ESQ.
District Attorney, Queens County
By: ANASTASIA SPANAKOS, ESQ.
Assistant District Attorney
125-01 Queens Boulevard
Kew Gardens, New York 11415

**BLOCK, Senior District Judge:**

By Memorandum and Order dated May 11, 2007 (the "M&O"), the Court directed the parties to "submit a written response as to whether Mabry's additional claims relate back to her initial petition under *Mayle v. Felix*, 545 U.S. 644 (2005)." M&O at 11. By affirmation dated September 5, 2007 ("Affirmation"), Mabry argues that these claims relate back to the original claims within the meaning of Fed. R. Civ. P. 15(c)(2) and *Mayle* because they relate to the same "pre-trial, trial, or post-trial error" from which the original claims arose, Affirmation at 28; Mabry also raises a new argument: that she is entitled to equitable tolling as a result of the Court's September 5, 2003 Order affording her an opportunity to

1

exhaust additional claims and file an amended petition.

I.

Mabry has not provided any explanation why her new claims are supported by facts that do not "differ in both time and type," *Mayle*, 545 U.S. at 650; instead, she simply argues that the Court should adopt an "unconstrained" reading of the relation back doctrine, Pet'r's Affirmation at 28. However, in *Mayle*, the Supreme Court explicitly rejected this contention because it would allow the addition of a "boundless" number of claims in amended *habeas* petitions. 545 U.S. at 611.

The Court notes that one of Mabry's "new" claims is that there was insufficient evidence at trial regarding the "acting in concert" element of her conviction. This is not a new claim; rather, it was addressed in her original petition under the umbrella of her claim that there was insufficient evidence to support her conviction, which was previously rejected by the Court on its merits. *See* July 3, 2003 Memorandum and Order.

II.

The Supreme Court recently left open the question of whether § 2244(d) allows for equitable tolling at all, *Lawrence v. Florida*, __ U.S. __, 127 S. Ct. 1079, 1085 (Feb. 20, 2007), but the Second Circuit has held that equitable tolling applies in "rare and exceptional circumstances" where "the petitioner [establishes] that extraordinary circumstances prevented him from filing his petition on time, and that he acted with reasonable diligence throughout the period he seeks to toll," *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007) (citation and quotations omitted). Mabry has failed to demonstrate any

extraordinary circumstances that prevented her from initiating the state court exhaustion process for her new claims prior to the expiration of the limitations period.

## CONCLUSION

Mabry's motion for leave to amend is denied and her *habeas* petition is dismissed in its entirety.

SO ORDERED.

/S/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 14, 2007